**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

TOMMY SMITH, JR.,
    Petitioner,

v.                                                                                  Case No. 09-CV-0386

JUDY SMITH
Warden Oshkosh Correctional Institution,
    Respondent.

**DECISION AND ORDER PURSUANT TO RULE 4**
**AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

    The petitioner, Tommy Smith, Jr., who is currently incarcerated at Oshkosh Correctional Institution (OCI) filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner also seeks leave to proceed in forma pauperis. The petition states that the petitioner is serving a 9-year sentence for armed robbery with threat of force, party to a crime contrary to Wis. Stat. §§ 943.32(2) and 939.05. The judgment of conviction was entered on May 19, 1992, after the petitioner pled no contest.

    To authorize a litigant to proceed in forma pauperis, the court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and 2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2). The court is obligated to give the petitioner's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

    The petitioner's affidavit of indigence indicates that he has $1.26 in his regular savings account at OCI and no release account. Based on the foregoing, this court finds that the petitioner qualifies under Section 1915(a) as an indigent unable to pay the $5.00 filing fee for

commencing the instant action for a writ of habeas corpus. Thus, the petitioner meets the first of the two determinations necessary to allow him to proceed in forma pauperis.

As to the second requirement, an action is frivolous for purposes of Section 1915(e)(2), if there is no arguable basis for relief in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

By his petition, the petitioner challenges the judgment of conviction on the following grounds: (1) the trial court lacked jurisdiction to impose a sentence and (2) ineffective assistance of trial counsel.

Section 2254(a) states that "a district court shall entertain a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Upon review of the petition, the court is satisfied that the grounds urged by the petitioner in his petition translate, at least colorably, into a violation of his rights under the United States Constitution. Although the petitioner is "in custody," the court questions whether he is "in custody" pursuant to the conviction he challenges. However, based on the petition, the court it is unable to make that determination.

Section 2254(b) requires, with exceptions not relevant here, that the petitioner demonstrate he has "exhausted the remedies available in the courts of the State . . . ." The petition reveals the petitioner raised these grounds before the Wisconsin Court of Appeals. Furthermore, after the appeal was dismissed by the state court of appeals, the petitioner sought review by the Wisconsin Supreme Court which denied his request for review. Accordingly, at

least for now, the court is satisfied that the petitioner has exhausted his state remedies as required under § 2254(b) by presenting his claim to the state's highest court. See Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 302-03 (1984).

Based on the foregoing, the petitioner has shown that he is unable to pay the costs of commencing this action. In addition, the grounds set forth in the petition raise an arguable violation of his constitutional rights. The petitioner's petition for leave to proceed in forma pauperis will be granted.

Accordingly, the court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that the petitioner is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion or other response to the petition for a writ of habeas corpus. After the respondent's answer has been served and filed, the court will enter orders as necessary to facilitate the orderly progression of the action to disposition.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for leave to proceed in forma pauperis be and hereby is **granted**. (Docket #2).

**IT IS FURTHER ORDERED** that the respondent be and hereby is directed to file an answer, motion or other response to the petition for a writ of habeas corpus no later than **June 15, 2009**.

The petitioner is hereby notified that he is required under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or the respondent's attorney(s). The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers or

documents which do not indicate that a copy has been sent to the respondent or to the respondent's attorney(s).

Dated at Milwaukee, Wisconsin this 14th day of May, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge