# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMMY SMITH, JR.,

        Petitioner,

v.                                                 Case No. 09-CV-386

JUDY P. SMITH,

        Respondent.

## ORDER

Petitioner Tommy Smith, Jr. ("Smith") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 14, 2009, alleging that he is being held in violation of the Constitution because he received ineffective assistance of counsel and because the state trial court who accepted his guilty plea and imposed sentence lacked jurisdiction over him. Smith's petition challenges his 1992 conviction in Milwaukee County Circuit Court for armed robbery with the threat of force. Smith did not directly appeal this conviction and waited approximately 15 years before filing a motion for postconviction relief in state court asserting the arguments he now raises in his § 2254 petition. On June 15, 2009, the respondent filed a motion for summary judgment urging the court to dismiss Smith's habeas petition as untimely. The court agrees that Smith's petition is time-barred and will deny Smith's request for a writ of habeas corpus.

A habeas petitioner must file his action within a one-year period that runs from the latest of: A) the date on which judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review; B) the date on which the impediment to filing the petition was removed; C) the date on which the constitutional right asserted was first recognized by the Supreme Court, if retroactively applicable to cases on collateral review; or D) the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). A state judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the United States Supreme Court or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The time period is tolled, however, for any period during which a state postconviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

Smith's petition is not timely filed under any of the four events described in § 2244(d)(1). First, Smith's judgment became final in 1992, though the statute of limitations on Smith's habeas petition did not begin to run until the April 24, 1996, effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Prisoners whose convictions became final prior to that date had a one-year grace period from the statute's enactment in which to file their § 2254 petitions. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Therefore, Smith had until April 24, 1997, to file his habeas petition. He did not file it until April 14, 2009, nearly 12 years after

-2-

the statute of limitations had run. Therefore, Smith's petition is not timely filed under § 2244(d)(1)(A).

Smith's petition is not timely filed under § 2244(d)(1)(B) or (C) either. Smith does not assert any state-imposed impediment to his filing, nor does he assert any newly-recognized constitutional right. The events described in these statutory subsections do not apply.

Finally, Smith's petition is not timely filed under § 2244(d)(1)(D) because the factual predicate for Smith's claims was discoverable at the time of his conviction and sentence in 1992. Smith relies upon an order issued by the Milwaukee County Circuit Court Chief Judge in 1989 to support his argument that the court lacked jurisdiction and asserts that he did not obtain a copy of this order until 2007. Smith argues that the order grants certain authority to court commissioners, but does not explicitly grant the authority to conduct preliminary examinations. As a result, Smith concludes, the court commissioner who accepted his preliminary hearing waiver did not have the authority to do so and the circuit court had no jurisdiction to accept his guilty plea or to impose sentence. However, Smith could have discovered this "factual predicate" any time after his conviction by exercising due diligence. Therefore, Smith's receipt of the order in 2007 is irrelevant because it is not the date which begins the running of the statute of limitations. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (stating that under § 2244(d)(1) "the time commences when the factual predicate 'could have been discovered through the exercise of due

diligence,' not when it was actually discovered by a given prisoner."). Smith's petition is untimely regardless of which event described in § 2244(d)(1) began the running of the statute of limitations.

Smith implicitly concedes that his petition is untimely and argues only that the court should apply equitable tolling to the statute of limitations period. Equitable tolling of the statute of limitations may be available for § 2254 petitions, but only when "some impediment of a variety not covered in § 2244(d)(1) prevents the filing of a federal collateral attack." *Owens*, 235 F.3d at 360. Smith fails to identify an impediment not covered by § 2244(d)(1). He merely asserts that he did not learn of the Milwaukee County Circuit Court Chief Judge's order establishing the factual predicate of his claims until 2007. Further, equitable tolling is exceptional relief reserved for extraordinary circumstances that are "far beyond the litigant's control." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (quoting *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003)). Smith does not present any circumstances outside of his control because the allegedly insufficient grant of authority to Milwaukee County Court Commissioners was discoverable at any time prior to the 1997 tolling of the statute of limitations on Smith's habeas petition. Smith cannot establish that his case merits the exceptional relief of equitable tolling.

Accordingly,

**IT IS ORDERED** that the respondent's motion for summary judgment (Docket #14) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Smith's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge