# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMMY SMITH, JR.,

        Petitioner,

v.                                                          Case No. 09-CV-386

JUDY P. SMITH,

        Respondent.

## ORDER

Petitioner Tommy Smith, Jr. ("Smith") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 14, 2009, alleging that he is being held in violation of the Constitution because he received ineffective assistance of counsel and because the state trial court who accepted his guilty plea and imposed sentence lacked jurisdiction over him. On January 5, 2010, this court determined that Smith's habeas petition was time-barred under 28 U.S.C. § 2244(d)(1). Smith subsequently appealed the decision and now requests a certificate of appealability. For the reasons discussed below, the court is obliged to deny Smith's request.

Before a habeas petitioner may take an appeal to the Seventh Circuit Court of Appeals, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If the district court issues a COA, it must indicate which specific issue or issues satisfy the "substantial showing"

requirement. 28 U.S.C. § 2253(c)(3). The required showing for a COA also depends upon the basis for the court's decision on the petitioner's claims. Where a district court rejected the petitioner's constitutional claims on the merits, the petitioner must show that reasonable jurists would find the court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, where a court dismissed a petitioner's constitutional claim on procedural grounds, the determination of whether a COA should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

A reasonable jurist could not debate this court's conclusion that Smith's habeas petition is time-barred. The judgment of conviction in Smith's criminal case was entered in 1992 and the statute of limitations on his petition expired one year after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Therefore, the April 14, 2009 filing date for Smith's habeas petition renders it nearly 12 years too late.

-2-

Case 2:09-cv-00386-JPS   Filed 01/20/10   Page 2 of 4   Document 25

Further, Smith's petition is not saved from untimeliness by the provisions of 28 U.S.C. § 2244(d)(1). Under that statutory section, the one-year statute of limitations may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Smith argues that the Milwaukee County Circuit Court which accepted his guilty plea and imposed sentence lacked jurisdiction over him because the court commissioners were not properly granted authority to conduct preliminary examinations, and, as a result, could not accept his preliminary hearing waiver. Therefore, Smith never actually waived his preliminary examination and the trial court could not exercise jurisdiction. Smith bases this argument on a 1989 order issued by the Milwaukee County Circuit Court Chief Judge that he asserts did not properly grant authority to the court commissioners. Smith did not obtain a copy of this order until 2007, and he implies that this is the date on which he discovered the "factual predicate" of his claim and that it represents the beginning of the statute of limitations period for his habeas petition. However, the document and its content was discoverable through the exercise of due diligence long before Smith actually acquired a copy of it. Therefore, the circumstances described in § 2244(d)(1)(D) do not apply and his petition is not timely filed on this basis.

Finally, the court found no reason to equitably toll the statute of limitations period in Smith's case. Smith's sole argument for equitable tolling is that he did not

-3-

learn of the Milwaukee County Circuit Court Chief Judge's order until 2007. Equitable tolling is exceptional relief reserved for "extraordinary circumstances far beyond the litigant's control that prevented timely filing" of his habeas petition. *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (quoting *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003)). Smith's circumstances do not warrant this exceptional relief.

Smith's petition for a writ of habeas corpus pursuant to § 2254 was untimely filed. This conclusion is not reasonably debatable and the court properly denied his petition. Thus, the court must also deny Smith's request for a COA.

Accordingly,

**IT IS ORDERED** that Smith's request for a Certificate of Appealability (Docket #21) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of January 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge